This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio, appeals the decision of the Summit County Court of Common Pleas, which granted appellee's motion to suppress. This Court reverses.
 I.
{¶ 2} Detective Greg Williams of the Akron Police Department received an anonymous tip that appellee was abusing the prescription drug Oxycotin. Detective Williams relayed the information to Detective Patrick Leonard, also of the Akron Police Department, who began investigating the allegation. Detective Leonard canvassed local pharmacies to obtain a pharmacy insurance profile and determine what prescription medications physicians were prescribing for appellee. After reviewing the profile, Detective Leonard came to suspect that appellee was abusing Percocet.
{¶ 2} Detective Leonard then spoke with six physicians who had prescribed medications to appellee. On September 6, 2001, Detective Leonard obtained four subpoenas for appellee's physicians' records. A subpoena was also issued to appellee's insurer, CorMor, Inc.
{¶ 3} Appellee was indicted on five counts of deception to obtain a dangerous drug, a violation of R.C. 2925.22. On December 19, 2001, appellee filed a motion to suppress. The trial court granted appellee's motion to suppress, suppressing all evidence against appellee except the anonymous phone call to Detective Williams.
{¶ 4} The State timely appealed, setting forth one assignment of error for review.
 ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT COMMITTED ERROR WHEN IT SUPPRESSED THE EVIDENCE IN THIS CASE."
{¶ 6} The State argues that the trial court should have denied appellee's motion to suppress. This Court agrees.
{¶ 7} An appellate court reviews a trial court's ruling on a motion to suppress de novo. State v. Russell (1998), 127 Ohio App.3d 414,416, citing Ornelas v. United States (1996), 517 U.S. 690, 698-699,134 L.Ed.2d 911.
{¶ 8} To receive fourth amendment protection against unreasonable searches and seizures, a defendant must have a legitimate expectation of privacy in the invaded area. Katz v. United States (1967), 389 U.S. 347,361, 19 L.Ed.2d 576 (Harlan, J., concurring). "In order for a party to succeed in challenging a search on Fourth Amendment grounds: (1) that party must have a subjective expectation of privacy in the object of the search, and (2) society must be prepared to recognize that expectation as reasonable." (Citations omitted.) Stone v. Stow (1992), 64 Ohio St.3d 156,163-164.
{¶ 9} The trial court suppressed both the prescription records and the medical records obtained pursuant to investigatory subpoenas. In regard to the prescription records, both the Supreme Court of the United States and the Supreme Court of Ohio have addressed the issue of whether a reasonable expectation of privacy exists in one's prescription records.
{¶ 10} In Whalen v. Roe (1977), 429 U.S. 589, 604, 51 L.Ed.2d 64, the Supreme Court of the United States, after considering the relevant factors, determined that the challenged disclosure of prescription information did not invade "any right or liberty protected by the Fourteenth Amendment." In Whalen, a group of patients and physicians, among others, challenged the constitutionality of a New York statutory scheme requiring physicians to forward records of prescriptions for schedule II drugs, which contained detailed patient information, to a centralized database maintained by the state department of health. Id. at 593-595. Although public disclosure of the identity of the patient was prohibited under the statutory scheme, certain state regulatory employees and personnel responsible for investigating violations of New York's controlled substance laws were afforded access to that information. Id. The United States Supreme Court concluded, first, that the statutory scheme "was a reasonable exercise of New York's broad police powers" and enacted in furtherance of "the [s]tate's vital interest in controlling the distribution of dangerous drugs[.]" Id. at 598. Additionally, the court found that, in light of the statutory prohibition against the public dissemination of the prescription information, the risk of such dissemination was insufficient to invalidate the challenged statutory scheme. Id. at 600-602. Although the court recognized that, under New York's statutory scheme, "private [prescription] information must be disclosed to * * * authorized [state] employees," it nonetheless observed:
 {¶ 11} "[s]uch disclosures * * * are not * * * meaningfully distinguishable from a host of other unpleasant invasions of privacy that are associated with many facets of health care. Unquestionably, some individuals' concern for their own privacy may lead them to avoid or to postpone needed medical attention. Nevertheless, disclosures of private medical information to doctors, to hospital personnel, to insurance companies, and to public health agencies are often an essential part of modern medical practice even when the disclosure may reflect unfavorably on the character of the patient." Id. at 602.
{¶ 12} In addressing this same issue, the Supreme Court of Connecticut noted: "[I]n light of Whalen and its progeny, it is not surprising that the only courts to have considered such a claim squarely have rejected it." State v. Russo (2002), 259 Conn. 436, 467.
{¶ 13} The Supreme Court of Connecticut went on to add:
 {¶ 14} "Whalen makes it perfectly clear that a legitimate request for prescription information or records by a public official responsible for safeguarding public health and safety is a valid exercise of the state's police powers and, consequently, does not constitute an impermissible invasion of privacy. * * * In other words, a person does not have an objectively reasonable expectation that records of his or her prescriptions for controlled substances will not be disclosed to law enforcement personnel, subject to safeguards against further dissemination of those records, upon an appropriate request for those records by such personnel." (Citations omitted.) (Emphasis omitted.) Id.
{¶ 15} In Stone 64 Ohio St.3d at 166, the Supreme Court of Ohio stated:
 {¶ 16} "The Fourth Amendment protects only against unreasonable searches. Whatever privacy interest the patients and physicians possess in these prescription records is limited to the right not to have the information disclosed to the general public. Disclosures to police officers, or to officials of the State Pharmacy Board, do not violate that right. Because the patients and physicians have no reasonable expectation of privacy in prescription records, as raised in the circumstances of this case (see Whalen, supra), their Fourth Amendment challenge cannot succeed." (Emphasis sic.)
{¶ 17} Based upon the Supreme Court of the United States' holding in Whalen and the Supreme Court of Ohio's holding in Stone, the appellee in the present case had no reasonable expectation of privacy in his prescription records. Therefore, a motion to suppress was not an appropriate remedy.
{¶ 18} In regard to the medical records, the Supreme Court of Ohio has stated: "[E]rror involving privilege is not a constitutional violation. In the first place, the privilege is not a requirement of due process." State v. Webb (1994) 70 Ohio St.3d 325, 334. Therefore, even if there were violations in obtaining appellee's medical records, those violations would be statutory in nature, not constitutional. Consequently, a motion to suppress would not be an appropriate remedy for such a violation.
{¶ 19} The State's sole assignment of error is sustained.
 III.
{¶ 20} This Court finds that the trial court erred in granting appellee's motion to suppress. The judgment of the trial court is reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.
SLABY, P.J., WHITMORE, J. CONCUR.